FILED

05/25/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0335

DA 18-0335

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 134N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

DAVID MICHAEL YOUMANS,

Defendant and Appellant.

APPEAL FROM:     District Court of the Eighth Judicial District,
                 In and For the County of Cascade, Cause No. DDC 17-244
                 Honorable John W. Parker, Presiding Judge

COUNSEL OF RECORD:

         For Appellant:

                 Chad Wright, Appellate Defender, Deborah S. Smith, Assistant Appellate
                 Defender, Helena, Montana

         For Appellee:

                 Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
                 Attorney General, Helena, Montana

                 Joshua A. Racki, Cascade County Attorney, Amanda L. Lofink, Deputy
                 County Attorney, Great Falls, Montana

                                            Submitted on Briefs:  April 28, 2021

                                                      Decided:  May 25, 2021

Filed:

                 _____
                                    Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 David Michael Youmans appeals a final judgment and sentencing order from the Eighth Judicial District Court, Cascade County, convicting him of criminal possession of dangerous drugs, criminal possession of drug paraphernalia, theft, and attempted tampering with or fabricating physical evidence. The only issue Youmans raises on appeal is whether there was sufficient evidence to support his theft conviction. We reverse.

¶3 On April 2, 2017, Officer Scheer responded to a report from Tiffany Merchant indicating that her roommate, Youmans, had stolen some of her money. When Officer Scheer arrived, Merchant was the only person present in the house. When Merchant made the report to Officer Scheer, she explained that she was on Supplemental Security Income (SSI) due to several disabilities she had. She did not describe how much money was missing, but insisted Youmans stole it. The parties later stipulated that the full amount of Merchant's SSI check was $733.

¶4 Officer Scheer returned later that day to follow up on his report. Youmans was present at the house and was asked to talk with Officer Scheer. Officer Scheer indicated that Youmans seemed "shocked" that he was there. Youmans followed Officer Scheer

2

into the living room. Youmans explained that he went to the bank to withdraw money and he was shorted. Officer Scheer testified at trial to his conversation with Youmans:

A: [Officer Scheer]: I asked him—I basically said, "Well," in anticipation that he would explain his side of things regarding the money.

Q: [Prosecutor]: And did he say anything?

A: Yeah. He provided a story of how he had gone to get the money at the bank, he had gotten shorted by about $20.00. He was going to return to the bank and get that problem taken care of and he never made it back home. He ended up meeting a friend named John, and they went driving around for a while until they ended up out in Vaughn, Montana.

.   .   .

Q: And did he tell you what occurred out in Vaughn?

A: He said he got to hang out with some friends and partying. And during this time, John took his car, which also contained the money that belonged to [Tiffany].

.   .   .

Q: How did he get home? Did he tell you?

A: He said he walked from Vaughn to Great Falls.

Q: About how far is that?

A: I think it's—to the city limits, I think it's close to 11 miles.

¶5 Officer Scheer asked Youmans for his identification during the investigation. Youmans proceeded to search the house for his identification, and when he returned to the living room he reportedly put his foot on a spoon that contained white residue and a cotton ball on it. The spoon was originally on the floor near a chair, then Youmans tried to push it under the chair when Officer Scheer asked him about it. Officer Scheer detained Youmans and subsequently searched the residence, seizing drugs and drug paraphernalia. Officer Scheer requested Merchant to provide him with written

3

documents in support of her theft assertion, but she provided none. Officer Scheer also conducted a thorough search of Youmans' bedroom looking for evidence of the alleged theft, but acknowledged he was unable to find cash or documents that would support a theft had occurred.

¶6     Youmans was charged by Information with: Count 1: Criminal Possession of Dangerous Drugs, a felony, in violation of § 45-9-102, MCA; Count 2: Criminal Possession of Drug Paraphernalia, a misdemeanor, in violation of § 45-10-103, MCA; Count 3: Theft, a misdemeanor, in violation of § 45-6-301(1)(a), MCA; and Count IV: attempted Tampering with or Fabricating Physical Evidence, a felony, in violation of §§ 45-7-207(1)(a) and 45-4-103, MCA.

¶7     Trial was held on February 20 through 21, 2018. The State presented testimony from a crime lab analyst and Officer Scheer; Merchant did not testify. The defense did not present witness testimony and rested after the State rested. At the close of evidence, Youmans moved to dismiss Count III—theft—for insufficient evidence pursuant to § 46-16-403, MCA. Youmans asserted the only evidence presented at trial regarding the theft allegation was through Officer Scheer's testimony that Merchant reported Youmans stole her money. The State asserted the issue went to the weight of the evidence, which would be for the jury to decide. The District Court denied Youmans' motion to dismiss, reasoning the elements of the case could be met in a light most favorable to the State, while noting the State was not on "extremely strong footing."

¶8     The jury found Youmans guilty of all counts. Youmans received a concurrent sentence for his theft conviction of six months with the Cascade County Detention

4

Center, with credit for time served. The District Court also ordered restitution of $733 and imposed conditions recommended in the presentence investigation. On appeal, Youmans contends there was insufficient evidence to prove theft.

¶9 This Court reviews de novo whether sufficient evidence supports a conviction. *State v. Polak*, 2018 MT 174, ¶ 14, 392 Mont. 90, 422 P.3d 112 (citations omitted). We view the evidence in light most favorable to the prosecution and determine whether "any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." *State v. Torres*, 2013 MT 101, ¶ 16, 369 Mont. 516, 299 P.3d 804 (citing *State v. Trujillo*, 2008 MT 101, ¶ 8, 342 Mont. 219, 180 P.3d 1153).

¶10 "A person commits the offense of theft when the person purposely or knowingly obtains or exerts unauthorized control over property of the owner and: has the purpose of depriving the owner of the property[.]" Section 45-6-301(1)(a), MCA. "When at the close of the prosecution's evidence or at the close of all the evidence, the evidence is insufficient to support a finding or verdict of guilty, the court may, on its own motion or on the motion of the defendant, dismiss the action and discharge the defendant." Section 46-16-403, MCA. Evidence is insufficient to support a finding or verdict of guilty when, after reviewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Polak*, ¶ 34. When considering the denial of a motion to dismiss for insufficient evidence, this Court considers only the trial testimony and the evidence properly before the jury. *State v. Giant*, 2001 MT 245, ¶ 10, 307 Mont. 74, 37 P.3d 49.

5

¶11 Youmans raised a timely motion to dismiss at the close of evidence. In his motion, Youmans asserted that "the only evidence that's been presented at this trial regarding the theft allegation is simply a report of a theft against Tiffany Merchant." During questioning, Officer Scheer was asked specifically about the theft charge:

Q: [Defense Counsel]: But you conducted a very – a very very thorough search of the room; correct?

A: [Officer Scheer]: Yes.

Q: And it's true, Officer Scheer, that you did not find cash, for example; is that correct?

A: I did not.

Q: Okay. It's true, Officer Scheer, that you did not find any documents that would support the theft charge – theft allegation against Mr. Youmans; correct?

A: Correct.

Q: Ultimately, it's true that in your search of the bedroom you did not find any evidence to connect David Youmans with a theft charge; correct?

A: That's correct.

¶12 Upon reviewing the record, we conclude there was insufficient evidence to convict Youmans of theft. The only evidence of theft was Officer Scheer's testimony regarding Youmans' statements. Merchant did not testify. Youmans' statements to Officer Scheer—that he went to the bank and was shorted $20—do not establish Youmans' *intent* to deprive Merchant of money; the *amount* of money purportedly taken; that Youmans exercised *unauthorized* control over Merchant's money; or that Merchant was *actually* deprived of some amount of her money. Further, Youmans' purported admission was not

6

corroborated. The State failed to prove every element of theft, thus, the District Court's denial of Youmans' motion to dismiss was incorrect as a matter of law.

¶13 In reviewing the evidence in the light most favorable to the prosecution, this Court concludes there was insufficient evidence to support Youmans' conviction of theft pursuant to § 45-6-301(1)(a), MCA. Accordingly, the theft conviction is reversed and dismissed with prejudice, and the corresponding sentence and restitution in the amount of $733 are vacated.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE